IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AHMAD MOKHTARI,                        §
                                       §
              Plaintiff,               §
                                       §
v.                                     §
                                       §    CIVIL ACTION NO. H-14-3676
GEOVERA SPECIALTY INSURANCE            §
COMPANY,                               §
                                       §
              Defendant.               §
                                       §
                                       §

## MEMORANDUM OPINION AND ORDER

Plaintiff Ahmad Mokhtari ("Plaintiff") sued Defendant Geovera Specialty Insurance Company ("Defendant") in the County Civil Court at Law No. 3 of Harris County, Texas, under Cause No. 1054945.[1] Defendant removed pursuant to this court's diversity jurisdiction.[2] Pending before the court is Plaintiff's Motion for Remand (Docket Entry No. 2). For the reasons stated below, Plaintiff's Motion for Remand will be granted, and this action will be remanded to the County Civil Court at Law.

---

[1]Plaintiff's Original Petition Expediated Action Under TRCP 169 ("Original Petition"), Exhibit C to Defendant's Notice of Removal, Docket Entry No. 1-4.

[2]Defendant's Notice of Removal, Docket Entry No. 1.

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court.  The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed.  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court.").  Ambiguities or doubts are to be construed against removal and in favor of remand.  Manguno, 276 F.3d at 723.

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  A state-court plaintiff seeking to avoid federal jurisdiction may do so by filing a binding stipulation with the original complaint that limits recovery to an amount below the jurisdictional threshold.  E.g., Williams v. Companion Prop. & Cas. Ins. Co., No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (citing De Aguilar v. Boeing, 47 F.3d 1404, 1411-12 (5th Cir. 1995)); Wright v. Normandy Terrace Healthcare & Rehab. Ctr., No. SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012) (same); Espinola-E v. Coahoma Chemical Co., 248 F.3d 1138, (5th Cir. 2001) (per curium) (unpublished) ("[A] binding stipulation

that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction . . . .").

Defendant argues that removal was proper under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.[3] Plaintiff seeks remand based on a binding stipulation attached to the state-court petition, which states that the amount in controversy does not exceed $75,000, and that "[n]either Plaintiff nor his/her attorney will accept an amount that exceeds $75,000 exclusive of interest and costs."[4]

Defendant argues that Plaintiff's stipulation is not binding "because it is executed solely by his counsel . . . and it is not notarized."[5] The case Defendant cites, however, holds the opposite. See Wright, 2012 WL 2979040, at *2 (rejecting removing party's argument that a stipulation must be signed and notarized to be binding); see also Washington-Thomas v. Dial Am. Mktg., Inc., EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012) ("[T]he fact that the petition was not signed and sworn to by

---

[3]Defendant's Notice of Removal, Docket Entry No. 1, p. 2 ¶7.

[4]Binding Stipulation, Exhibit F to Original Petition, Exhibit C to Defendant's Notice of Removal, Docket Entry No. 1-4, p. 39 ¶3. The Binding Stipulation also states "Plaintiff and his/her attorney understand and agree that Plaintiff's recovery is limited to an amount less than $75,000.00 exclusive of interest and costs." Id. ¶6.

[5]Defendant's Response and Brief in Opposition to Plaintiff's Motion for Remand, Docket Entry No. 4, p. 10 ¶4.22.

Plaintiff does not detract from the binding effect of stipulation.") (citing Wright, 2012 WL 2979040, at *2, and other cases).[6]

Defendant also argues that because the stipulation contains a provision (the "amendment provision") binding Plaintiff not to amend the petition to demand an amount in excess of $75,000 "after one year," the stipulation is not binding on Plaintiff.[7] However, the amendment provision appears to be a red herring. Had the provision been omitted, Plaintiff could presumably amend the petition at any time, to the extent permitted by the Texas Rules of Civil Procedure, but Plaintiff would still be bound by the $75,000 cap in the stipulation. The fact that the amendment provision only prevents the Plaintiff from amending after one year is therefore irrelevant. Plaintiff is bound by the stipulation not to accept an award of damages in excess of $75,000. Moreover, should Plaintiff amend his state-court petition in the future in a way that somehow negates Plaintiff's existing stipulation not to accept damages in

---

[6]Additionally, Defendant's extensive reliance on "a recent Fifth Circuit case," Ford, is misplaced, primarily because that case is factually inapposite, but also because it is not an appellate decision. See Ford v. United Parcel Serv., Inc. (Ohio), No. 3:14-CV-1872-D, 2014 WL 4105965, at *3 (N.D. Tex. Aug. 21, 2014) ("But neither the allegations of Ford's petition nor her post-removal declaration are sufficient to support remanding the case." (emphasis added)).

[7]See Defendant's Response and Brief in Opposition to Plaintiff's Motion for Remand, Docket Entry No. 4, pp. 10-11.

excess of the jurisdictional limit, Defendant may seek to remove again at that time.

### III.  Conclusions and Order

Plaintiff's binding stipulation, filed with the Original Petition prior to removal, is effective to avoid federal jurisdiction.  Accordingly, Plaintiff's Motion for Remand (Docket Entry No. 2) is **GRANTED**, and this action is **REMANDED** to the County Civil Court at Law No. 3 of Harris County, Texas.  The Clerk will promptly deliver a copy of this Memorandum Opinion and Order to the County Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, this 4th day of May, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE